IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| MITCHELL DUANE PORTER, #19173-078 | § | |
| | § | CIVIL ACTION NO. 6:19cv340 |
| VS. | § | CRIM. NO. 6:11cr95 |
| | § | |
| UNITED STATES OF AMERICA | § | |

REPORT AND RECOMMENDATION OF
THE UNITED STATES MAGISTRATE JUDGE

Movant Mitchell Porter, a federal prisoner confined at Federal Correctional Institution Seagoville, brings this motion to vacate, set aside, or correct his federal sentence pursuant to 28 U.S.C. § 2255. The motion was referred to the undersigned United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for disposition of the case.

For reasons explained below, the Court recommends that Movant's section 2255 motion be denied, the case be dismissed, with prejudice, and that Movant be denied a certificate of appealability *sua sponte*.

**I. Procedural History**

On June 5, 2012, after entering a guilty plea pursuant to a binding plea agreement under Federal Rule of Criminal Procedure 11(c)(1)(C), Porter was sentenced to 180 months' imprisonment for one count of the production of child pornography in violation of 18 U.S.C. § 2251(a), (Dkt. #38, 6:11cr95) (judgment and sentence). Porter did not file a direct appeal. He filed the present section 2255 motion on July 19, 2019.

**II. Porter's Motion**

Porter maintains that he was deprived of his constitutional right to a fair trial because trial counsel was ineffective for advising him that he did not have the right to appeal. Specifically, he contends that "he pleaded guilty to a criminal offense that does not criminalize his offense conduct." He argues that his defense counsel, Mr. Hawk, explained that "the statute didn't matter because he had already admitted to possessing pictures containing child pornography." Porter further asserts that had he "been advised that [18] U.S.C. § 2251 required a specific intent element above and beyond mere possessing of elicit pictures, he would have proceeded to trial," (Dkt. #1, pg. 11). Porter outlines his supporting factual allegations as follows:

1. On or around 3/5-7/2011, Mr. Porter found himself in the position of babysitting [a six-year old child]. At bedtime, he found himself drawn to commit sexual acts against her person. In the course of said sexual acts, he found himself drawn to photograph them via his cellular phone.

2. Mr. Porter e-mailed a total of eight pictures to himself in an effort to add them to his personal files on his own computer.

3. Three days later, Mr. Porter deleted the pictures from the files on his computer, but neglected to delete the e-mail containing the pictures.

4. On March 15, 2011, Mr. Porter made a full confession to the Harrison County Sheriff[']s Department.

5. On September 21, 2011, Mr. Porter was indicted on a four count indictment including a number of child pornography charges.

6. Mr. Porter was appointed counsel from the Federal Public Defenders who assigned Kenneth Hawk as his defense attorney. Mr. Hawk immediately instructed him to plead guilty.

7. Mr. Hawk failed to advise Mr. Porter that his conduct did not match the essential elements of 18 U.S.C. § 2251. Nor did he provide Mr. Porter appellate advice concerning the Court[']s jurisdiction over conduct that was not under the statute.

8. Mr. Porter was deprived of trial because his trial lawyer provided ineffective assistance of counsel. Had he (Mr. Porter) have known the essential elements of 18 U.S.C. § 2251 as they relate to the fact[s] as well as the law, he would have

> proceeded to trial on count four of the indictment and pleaded guilty to counts one through three.

9. As a consequence of the trial counsel[']s ineffectiveness, Mr. Porter is serving a fifteen year mandatory minimum sentence for conduct that was not unlawful under 18 U.S.C. § 2251. In addition, this Court was without jurisdiction to impose a sentence based on an 18 U.S.C. § 2251 conviction.

(Dkt. #1, pg. 11-14).

Porter also argues that trial counsel was ineffective for denying him his right to sound appeal advice. Specifically, he maintains that had he known that a defendant cannot waive all his statutory appellate rights, he would have appealed the validity of the waiver on the basis that he did not plead guilty knowingly and willingly.

### III. The Government's Answer

The Government argues that Porter's section 2255 claims are time-barred—as his conviction became final in 2012, and any section 2255 motion was due in June 2013. The Government further asserts that Porter does not assert any impediment that precluded him from filing a timely motion and does not claim any new right recognized by the United States Supreme Court.

### IV. Porter's Response

Porter filed a response addressing timeliness, (Dkt. #9). He argues that he is actually innocent:

> In Mr. Porter's case, the record reflects that at the time of the guilty plea, neither Mr. Porter, nor his counsel, nor the court correctly understood the essential elements of the crime with which he was charged, thus the plea is invalid under the Federal Constitution. Moreover, Mr. Porter's conduct is far removed from the conduct that is prohibited by 18 U.S.C. § 2251; thus he is actually innocent of engaging "in . . . any sexually explicit conduct for the PURPOSE [emphasis added] of producing any visual depiction. . ."

Dkt. #9, pg. 3. He further asserts that he had no counsel "during the time period in which a § 2255 motion should have been timely filed." *Id*. at pg. 4.

**V. Standard of Review**

Section 2255 is "fundamentally different from a direct appeal." *United States v. Drobny*, 955 F.2d 990, 994 (5th Cir. 1992). Section 2255 "provides relief for a petitioner who can establish that either (1) his sentence was imposed in violation of the Constitution or laws of the United States, (2) the sentencing court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, or (4) the sentence is subject to collateral attack." *U.S. v. Seyfert*, 67 F.3d 544, 546 (5th Cir. 1999) (citing *United States v. Faubion*, 19 F.3d 226, 232 (5th Cir. 1994)).

Cognizable claims within a section 2255 motion are narrow; the movant may not present a generalized, broad attack challenging the legality of his or her conviction and, importantly, non-constitutional claims that could have been raised on direct appeal, but were not, may not be asserted in section 2255 proceedings—absent a showing of cause for the procedural default and actual prejudice ensuing from the error. *United States v. Shaid*, 936 F.2d 228, 232 (5th Cir. 1991); *see also Villasenor-Cruz v. United States*, 2017 WL 6627045 (E.D.Tex. Oct. 3, 2017) (same).

A defendant asserting that counsel was ineffective must demonstrate both deficient performance and ensuing prejudice. *Strickland v. Washington*, 466 U.S. 668 (1984); *see also United States v. Payne*, 99 F.3d 1273, 1282 (5th Cir. 1999). Conclusory allegations of ineffective assistance of counsel will not suffice. *See Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000) ("[C]onclusory allegations are insufficient to raise cognizable claims of ineffective assistance of counsel."); *see also United States v. Demik*, 489 F.3d 644, 647 (5th Cir. 2007) (explaining that "generalized assertions about counsel's failure to file motions, to make objections, and to follow Demik's instructions" are not enough.).

Under the Antiterrorism and Effective Death Penalty Act (AEDPA) of 1996, which imposed a number of habeas corpus reforms, an inmate must file a section 2255 motion within one year of the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Section 2255 imposes a general one-year statute of limitations.

A case is final when a judgment of conviction is rendered, the availability of an appeal is exhausted, and the time for filing a petition for certiorari has lapsed or a certiorari petition is actually denied.

A prisoner may file an otherwise untimely section 2255 motion, based on a new constitutional right, within one year from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." *See* 28 U.S.C. § 2255(f)(3). In other words, an inmate may file an untimely section 2255 motion—based on a new constitutional right that has been held to apply retroactively to collateral proceedings—within one year of the announcement of that right. *See, e.g.*, *U.S. v. Williams*, 402 F. App'x. 945 (5th Cir. 2010) (unpublished).

5

**VI. Discussion and Analysis**

A review of the pleadings and the record illustrate that Porter's section 2255 motion is time-barred and his claim of actual innocence is without merit. When a federal defendant does not file a direct appeal challenging the conviction, the conviction becomes final when the time for filing a notice of appeal has expired—which, in the federal system, is fourteen days. *See* Fed. R. App. P. 4(b)(1)(A); *see also U.S. v. Plascencia*, 537 F.3d 385, 388 (2008). Here, the docket reflects that Porter's criminal judgment was entered on June 7, 2012. Accordingly, his conviction became final fourteen days later—and his section 2255 motion was therefore due in June 2013. Porter's 2019 motion is therefore time-barred.

A claim of actual innocence is not a freestanding constitutional claim but, rather, "a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." *Sclup v. Delo*, 513 U.S. 298, 315 (1995) (quoting *Herrera v. Collins*, 506 U.S. 390, 404 (1993)); *Rocha v. Thaler*, 626 F.3d 815, 824 (5th Cir. 2010); *see also Burton v. Stephens*, 543 F. App'x 451, 458 (5th Cir. 2013) (unpublished) ("The Supreme Court has not recognized actual innocence as an independent ground for federal habeas corpus relief.").

The Supreme Court has explained that the burden of demonstrating actual innocence is extraordinary:

> To establish the requisite probability, the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence. The petitioner this is required to make a stronger shower than needed to establish prejudice. At the same time, the showing of 'more likely than not' imposes a lower burden of proof than the 'clear and convincing' standard required under *Sawyer*. The *Carrier* standard thus ensures that petitioner's case is truly 'extraordinary.'

*Schlup*, 513 U.S. at 327. In *House v. Bell*, 547 U.S. 518, 537 (2006), the Supreme Court further highlighted the actual innocence standard under *Schlup*. Specifically, the Court explained that an actual innocence claim, to be credible, requires "new reliable evidence," such as exculpatory

6

scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial. *House*, 547 U.S. at 537.

Porter maintains that he was convicted after he pleaded guilty to a criminal offense that does not criminalize his conduct. He outlined the facts of his conduct in his motion, articulating that he was "drawn to commit sexual acts" on a six-year-old child and that he photographed the sexual acts on his cellular phone. Porter admits that he then emailed a total of eight photographs to himself so that he could add them to his "personal files on his own computer"—and that he deleted the photographs three days later from his phone, but neglected to delete the email. Now he contends that his photographing the child while committing sexual acts "against her person" was not for the purpose of producing a visual depiction under 18 U.S.C. § 2251(a).

Under 18 U.S.C. § 2251(a), the Government must prove, beyond a reasonable doubt, that the defendant (1) used, persuaded, induced, enticed, or coerced a minor to engage in any sexually explicit conduct; (2) with the purpose of producing a visual depiction of such conduct; and (3) knew or had reason to know that such visual depiction would be transmitted using any means or facility of interstate commerce. *See U.S. v. Orisakwe*, 624 F. App'x 149, 157 (5th Cir. 2015). Under Fifth Circuit precedent, the conduct proscribed in section 2251(a) is assessed by asking two questions: "Did the production involve the use of a minor engaging in sexually explicit conduct, and was the visual depiction a depiction of such conduct?" *See United States v. Bennett*, 780 F. App'x 195, 195 (5th Cir. 2019) (unpublished) (citing *United States v. Steen*, 634 F.3d 822, 826 (5th Cir. 2011)). "Child pornography" is defined as any visual depiction, including any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct, where—

> (A) the production of such visual depiction the use of a minor engaging in sexually explicit conduct;

7

>(B) such visual depiction is a digital image, computer image, or computer-generated image that is, or is indistinguishable from, that of a minor engaging in sexually explicit conduct; or
>
>(C) such visual depiction has been created, adapted, or modified to appear that an identifiable minor is engaging in sexually explicit conduct.

18 U.S.C. § 2256(8). "Visual depiction" includes "undeveloped film and videotape, data stored on a computer disk or by electronic means which is capable of conversion into a visual image, and data which is capable of conversion into a visual image that has been transmitted by any means, whether or not stored in a permanent format." 18 U.S.C. § 2256(5).

Here, the factual resume—to which Porter pleaded guilty—establishes that Porter "intentionally and knowingly took pictures and videos of minors engaged in sexually explicit conduct as defined under Federal Law," (Dkt. #24, factual resume, 6:11cr095). The factual resume further denotes that "[o]n March 15, 2011, the defendant took lewd and lascivious photographs of the genitals of [a five-year-old child] while she was asleep at his home in Longview, Texas. The defendant took the photographs with his cellular phone, which was manufactured outside of the State of Texas, then e-mailed them to himself." *Id.* at pg. 2. In the present case, Porter admits that he photographed the child with his cell phone as he was committing sexual acts against her, at which point he then emailed eight photographs to himself to add them onto his personal computer.

It is well-settled that section 2251(a) criminalizes live videos of explicit content as well as still visual depictions or still, non-live photographs. *See U.S. v. McGee*, 821 F.3d 644, 648 n.4 (5th Cir. 2016); *U.S. v. Thompson*, 709 F. App'x 758, 760-61 (5th Cir. 2017) (unpublished); *U.S. v. Nichols*, 371 F. App'x 546, 548-49 (5th Cir. 2010) (unpublished). Section 2251(a) criminalizes Porter's conduct of photographing a child while committing sexual acts—and his contention to the contrary is without merit. *See, e.g.*, *Lewis v. U.S.*, 2021 WL 2367120, at *2 (N.D. Tex. May 10,

2021) ("It is also well established that the 'transmission of photographs by means of the internet is tantamount to moving photographs across state lines and thus constitutes transportation in interstate commerce for the purposes of 18 U.S.C. § 2251.'") (internal citation omitted). Accordingly, Porter has not shown that he is actually innocent, and his section 2255 motion is time-barred.

To the extent that Porter seeks equitable tolling, such claim is without merit. The one-year statute of limitations period may be equitably tolled only if the petitioner demonstrates that (1) "he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way" and prevented timely filing. *See Holland v. Florida*, 560 U.S. 631, 649 (2010); *Palacios v. Stephens*, 723 F.3d 600, 604 (5th Cir. 2013). The doctrine of equitable tolling is available only in the most rare and exceptional circumstances, particularly when the plaintiff is "actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *See Flores v. Quarterman*, 467 F.3d 484, 486 (5th Cir. 2000) (quoting *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999)).

Here, as mentioned, Porter's conviction became final in 2012 and he did not file this proceeding until 2019. Any claims concerning his plea agreement—or the waiver—are untimely, belied by the record, and could have been raised earlier with the exercise of due diligence. Furthermore, lack of counsel and ignorance of the law are not sufficient grounds for equitable tolling. *See U.S. v. Petty*, 530 F.3d 361, 365-66 (5th Cir. 2008). Porter has not presented any extraordinary circumstances that prevented him from filing a timely section 2255 proceeding. *See Mathis v. Thaler*, 616 F.3d 461, 474 (5th Cir. 2010) ("We have stated that equity is not intended for those who sleep on their rights.") (internal citation and quotations omitted). Porter's section 2255 proceeding should be dismissed.

**VII. Certificate of Appealability**

An appeal may not be taken to the court of appeals from a final order in a section 2255 proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Porter has not yet filed a notice of appeal, the court may address whether he would be entitled to a certificate of appealability. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (explaining that a district court may *sua sponte* rule on a certificate of appealability because "the district court that denies a [movant] relief is in the best position to determine whether the [movant] has made a substantial showing of a denial of a constitutional right on the issues before the court.").

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To make a substantial showing, the petitioner need only show that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). The Supreme Court recently emphasized that the COA inquiry "is not coextensive with merits analysis" and "should be decided without 'full consideration of the factual or legal bases adduced in support of the claims.'" *Buck*, 137 S. Ct. 773 (quoting *Miller-El*, 537 U.S. at 336). Moreover, "[w]hen the district court denied relief on procedural grounds, the petitioner seeking a COA must further show that 'jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rhoades v. Davis*, 852 F.3d 422, 427 (5th Cir. 2017) (quoting *Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012)).

Here, Porter failed to present a substantial showing of a denial of a constitutional right or that the issues he has presented are debatable among jurists of reason. He also failed to

10

demonstrate that a court could resolve the issues in a different manner or that questions exist warranting further proceedings. Accordingly, he is not entitled to a certificate of appealability.

## RECOMMENDATION

For the foregoing reasons, it is recommended that the above-styled section 2255 motion be denied, and this lawsuit be dismissed with prejudice. It is further recommended that Porter be denied a certificate of appeal *sua sponte*.

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n.*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

So ORDERED and SIGNED this 18th day of May, 2022.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE

11